UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DION NEAL,

        Plaintiff,                       CIVIL ACTION NO. 07-15137

        v.                                DISTRICT JUDGE NANCY G. EDMUNDS

LINDA R. BUTTS, SHEILA          MAGISTRATE JUDGE VIRGINIA M. MORGAN
M. BASTIN[1], FRANCINE TOLLIVER[2],
and CORRECTIONAL MEDICAL
SERVICES[3],

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

       This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff, an inmate in the custody

of the Michigan Department of Corrections (MDOC), alleges that the defendants deprived

---

    [1]On May 19, 2008, this court issued a report and recommendation stating that Butts and Bastin are both entitled to summary judgment on the claims against them in their official capacities, but they should not be granted summary judgment on the claims against them in their individual capacities (D/E #53).

    [2]Tolliver has not yet been served in this matter. After Tolliver's address was provided under seal as ordered (D/E #37), this court issued an order directing that Tolliver be served (D/E #48). On May 8, 2008, the United States Marshal Service acknowledged receipt of the service of process documents (D/E #50).

    [3]Correctional Medical Services has filed a motion for summary judgment (D/E #46) and plaintiff has responded (D/E #56), but the motion has not yet been ruled upon.

-1-

plaintiff of his rights under the United States Constitution. The matter comes before the court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (D/E #55). Defendant Correctional Medical Services (CMS) filed a response in opposition to plaintiff's motion (D/E #58). For the reasons discussed below, this Court recommends that plaintiff's motion be **DENIED**.

## II. Background

### A. Complaint

On December 4, 2007, plaintiff filed the complaint against defendants in this matter (D/E #1). In that complaint, plaintiff alleges that, on March 5, 2006, plaintiff experienced severe pain while in the prison yard around 1:00 p.m. or 1:30 p.m. (Complaint, ¶ 7) Plaintiff spoke with Butts, a registered nurse, and informed her of the pain in his swollen testicles. (Complaint, ¶ 8) Butts replied that it was getting close to the 2:00 p.m. shift change. (Complaint, ¶ 8) She also told plaintiff to go back to his housing unit and she would have the next shift immediately call plaintiff out to be seen. (Complaint, ¶ 8) Plaintiff returned to his housing unit as instructed, but no one called plaintiff out to be seen. (Complaint, ¶ 9)

After 3:30 p.m., a correctional officer called Health Services and spoke with Tolliver, a registered nurse. (Complaint, ¶ 10) Tolliver told the correctional officer that she was aware of the plaintiff's condition and that she would see him when she was able. (Complaint, ¶ 10) Around 7:30 p.m., Tolliver called plaintiff over the telephone. (Complaint, ¶ 11) Plaintiff told plaintiff he was experiencing testicle pain and that his testicles were swollen. (Complaint, ¶ 11)

Tolliver told plaintiff that it was not an emergency and that plaintiff should put a hot towel on his testicles. (Complaint, ¶ 11)

On March 6, 2006, plaintiff explained his situation to a correctional officer and that officer spoke with Bastin, a registered nurse, regarding plaintiff's pain. (Complaint, ¶ 12) Bastin told the correctional officer that she was busy and that she would try to see plaintiff later. (Complaint, ¶ 13) Bastin also told the correctional officer to tell plaintiff that plaintiff should take an aspirin and place a warm rag on his swollen testicles. (Complaint, ¶ 13)

On March 7, 2006, plaintiff spoke with a correctional officer around 10:00 a.m. regarding his pain and swollen testicles. (Complaint, ¶ 14) That officer spoke with Butts, but Butts said she "don't have time for that shit." (Complaint, ¶ 14)

Around 8:00 p.m. on March 7, 2006, plaintiff went to Health Services because he had some medication to pick up. (Complaint, ¶ 15) While he was there, Elizabeth Dorsey, a registered nurse, noticed that plaintiff was in pain and walking oddly. (Complaint, ¶ 15) Plaintiff informed Dorsey of his condition and she examined him, finding that plaintiff's testicles were swollen to the size of grapefruits. (Complaint, ¶¶ 15-16) Dorsey held plaintiff in Health Services until plaintiff was transferred to the emergency room. (Complaint, ¶ 16)

At the hospital, a testicular ultrasound revealed a calcific lesion and no blood flow to the left testicle. (Complaint, ¶ 17) Plaintiff was diagnosed with left testicular torsion and had emergency surgery to remove his left testicle. (Complaint, ¶ 17) A doctor at the hospital told plaintiff that plaintiff's testicle could have been untwisted, rather than removed, if plaintiff had been sent to the hospital on the day he started to experience pain. (Complaint, ¶ 18)

### B. Pending Motion Before the Court

On May 27, 2008, plaintiff filed a motion for a temporary restraining order and preliminary injunction (D/E #55). In that motion, plaintiff argues that, following his transfer from the Ryan Regional Correctional Facility to the Carson City Correctional Facility on October 1, 2007, he has been unable to investigate and gather the information needed for his case. Plaintiff also argues that he has suffered irreparable harm, and will continue to suffer such harm, because defendants have not taken plaintiff to the doctor who performed his surgery in order to determine the cause of plaintiff's pain. Plaintiff requests as relief (1) an order requiring that "the defendant" answer plaintiff's complaint fully and completely, (2) an order or injunction requiring that, during the pendency of this case, plaintiff be held at the Ryan Regional Correctional Facility, (3) an order stating that defendants not annoy, harass or interfere with plaintiff in any way that would hinder plaintiff from getting affidavits from witnesses, and (4) any other relief that the court deems reasonable and proper.

On April 28, 2008, CMS filed a response in opposition to plaintiff's motion (D/E #58). In that response, CMS argues that plaintiff's motion should be denied for lack of merit and for lack of legal authority.

### III. Discussion

Plaintiff makes his motion pursuant to Fed.R.Civ.P. 65. Federal Rule of Civil Procedure 65 provides:

> (a) Preliminary Injunction.

(1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.

(2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) Temporary Restraining Order.

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 10 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must

proceed with the motion; if the party does not, the court must dissolve the order.

(4) Motion to Dissolve. On 2 days' notice to the party who obtained the order without notice--or on shorter notice set by the court--the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) Contents and Scope of Every Injunction and Restraining Order.

(1) Contents. Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

(2) Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise:

(A) the parties;

(B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

(e) Other Laws Not Modified. These rules do not modify the following:

(1) any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee;

(2) 28 U.S.C. § 2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader; or

(3) 28 U.S.C. § 2284, which relates to actions that must be heard and decided by a three-judge district court.

(f) Copyright Impoundment. This rule applies to copyright-impoundment proceedings.

### A. Temporary Restraining Order

Plaintiff seeks a temporary restraining order pursuant to Fed.R.Civ.P. 65(b), but he has failed to provide specific facts in an affidavit or a verified complaint clearly showing that he will suffer immediate and irreparable injury, loss, or damage before defendants can be heard in opposition as required by Fed.R.Civ.P. 65(b)(1)(A). Plaintiff also failed to certify in writing the efforts he made to give notice to defendants or the reasons why it should not be required as required by Fed.R.Civ.P. 65(b)(1)(B). Given plaintiff's failure to comply with the plain language of the rule, his request for a temporary restraining order should be denied.

### B. Preliminary Injunction

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007), quoting Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). Given this limited purpose, a preliminary injunction is customarily granted on the basis of procedures less formal and

evidence less complete than that found in a trial on the merits. Certified Restoration Dry Cleaning Network, L.L.C., 511 F.3d at 542. However, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." Leary v. Daeschner, 228 F.3d 729, 739 (6th Cir.2000).

"In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm[4] if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). Those factors are not prerequisites, but are factors that are to be balanced against each other. United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth., 163 F.3d 341, 347 (6th Cir. 1998) (citation omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet, 305 F.3d at 573, citing Leary, 228 F.3d at 739.

In this case, rather than seeking a preliminary injunction in order to preserve the relative positions of the parties until a trial on the merits can be held, plaintiff seeks an injunction

---

[4] A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages. Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir.1992). Courts have also held that a plaintiff can demonstrate that a denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights. See Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 578 (6th Cir. 2002) (collecting cases).

ordering that he be transferred back to the Ryan Regional Correctional Facility and that defendants not annoy, harass or interfere with plaintiff in any way that would hinder plaintiff from getting affidavits from witnesses. However, plaintiff provides absolutely no evidence in support of his claims that he is unable to gather evidence and that he is suffering irreparable harm. Plaintiff also completely fails to address the other factors the court should look at in determining whether to grant a preliminary injunction; he does not attempt to show a strong likelihood of success on the merits and there is no discussion of whether the issuance of the injunction would cause substantial harm to others or serve the public interest. As noted above, a preliminary injunction "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet, 305 F.3d at 573, citing Leary, 228 F.3d at 739. Plaintiff has failed to meet his burden in this case and his motion for a preliminary injunction should be denied.

## IV. Conclusion

For the reasons discussed above, the court recommends that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (D/E #55) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

<u>s/Virginia M. Morgan</u>
Virginia M. Morgan
United States Magistrate Judge

Dated: June 18, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on June 18, 2008.

<u>s/Jane Johnson</u>
Case Manager to
Magistrate Judge Virginia M. Morgan